UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN SAMPSON REID,<br><br>               Petitioner,<br>   v.<br><br>PERFORMANCE KIA OF EVERETT,<br><br>               Respondent. | CASE NO. C20-0600JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

     Before the court is Plaintiff Darren Sampson Reid's *pro se* complaint or petition to confirm an alleged arbitration award. (*See* Compl. (Dkt. # 1).) Because Mr. Reid is proceeding *pro se*, the court liberally construes his pleadings. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (noting obligation to construe *pro se* pleadings liberally). Nevertheless, the court has reviewed Mr. Reid's complaint and finds that it does not contain a sufficient "short and plain statement of the court's grounds for jurisdiction." *See* Fed. R. Civ. P. 8(a)(1). Accordingly, the court orders Mr. Reid to file

ORDER - 1

a submission providing information establishing a basis for the court's exercise of subject matter jurisdiction within seven (7) days of the date of this order.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987). The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Mr. Reid has failed to establish the court's subject matter jurisdiction.

Mr. Reid brings his petition to confirm an alleged arbitration award of $3,000,000.00 under 9 U.S.C. § 9. (*See* Compl. at 1-2 (citing 9 U.S.C. § 9).) However, the provisions of the Arbitration Act contained in 9 U.S.C. § 9 do not confer subject matter jurisdiction upon federal courts. *Gen. Atomic Co. v. United Nuclear Corp.*, 665 F.2d 968, 969 (9th Cir. 1981). Mr. Reid must demonstrate independent grounds of federal subject matter jurisdiction. *Id.* ("We hold that applicants who, in federal district court, seek confirmation of an arbitration award under 9 U.S.C. § 9, must demonstrate independent grounds of federal subject matter jurisdiction."). Thus, Mr. Reid's petition under 9 U.S.C. § 9 is insufficient to confer jurisdiction on this court.

Further, although the court cannot determine definitively based on Mr. Reid's allegations, it appears that the court does not have diversity jurisdiction under 28 U.S.C. § 1332 either. Although Mr. Reid does not allege either his state citizenship or his

1  domicile (*see generally* Compl.), he lists an address on the court's docket in Everett,
2  Washington (*see* Dkt.).  Assuming this address is Mr. Reid's domicile, Mr. Reid would
3  be a citizen of Washington State.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th
4  Cir. 2001) ("The natural person's state citizenship is then determined by her state of
5  domicile . . . .").  Nevertheless, the court cannot make this determination based on Mr.
6  Reid's incomplete allegations.

7      Mr. Reid sues Defendant Performance Kia of Everett ("Performance Kia"), but
8  Mr. Reid fails to allege any facts about the nature of this entity.  (Compl. at 1.)  If
9  Performance Kia is a corporation, then its citizenship for purposes of analyzing diversity
10 jurisdiction is its state of incorporation as well as the state in which its principle place of
11 business is located.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899
12 (9th Cir. 2006) ("[A] corporation is a citizen only of (1) the state where its principal place
13 of business is located, and (2) the state in which it is incorporated.") (citing 28 U.S.C.
14 §1332(c)(1)).  However, Performance Kia may also be a limited liability company.  If so,
15 its citizenship for purposes of diversity jurisdiction is determined by the citizenship of
16 each of its members.  *Id.* ("[A]n LLC is a citizen of every state of which its
17 owners/members are citizens.").  Performance Kia may be considered a citizen of
18 Washington for purposes of diversity jurisdiction but there is no way for the court to
19 make this determination definitively based on Mr. Reid's allegations.  Of course, if both
20 Mr. Reid and Performance Kia are citizens of Washington State, then the court would
21 lack subject matter jurisdiction based on the diversity of the parties' citizenship.
22

1 | Because the court may not assert subject matter jurisdiction under 9 U.S.C. § 9 of
2 | the Arbitration Act and because it appears that the court also lacks diversity jurisdiction,
3 | the court ORDERS Mr. Reid to show cause why the court should not dismiss this matter
4 | for lack of subject matter jurisdiction.  Within seven days of the filing date of this order,
5 | Mr. Reid must (1) provide sufficient information to establish that the parties have
6 | complete diversity of citizenship so that the court may exercise subject matter jurisdiction
7 | under 28 U.S.C. § 1332, or (2) provide some other basis for the court's exercise of
8 | subject matter jurisdiction over this action.  If Mr. Reid fails to timely respond to this
9 | order, fails to provide information establishing complete diversity of citizenship between
10 | the parties to this lawsuit, or fails to provide some other basis for the court's exercise of
11 | subject matter jurisdiction, the court will dismiss this action.

Dated this 30th day of June, 2020.

JAMES L. ROBART
United States District Judge